IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VAUGHN HARRIS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:22-cv-00221 |
| ) | Judge Trauger |
| CITY OF NASHVILLE, TENNESSEE, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

### I. THE PLEADINGS

On March 31, 2022, a complaint under 42 U.S.C. § 1983 was filed by Vaughn Harris, Lacory Lytle, and Bobby Mosley, three pretrial detainees in the custody of the Davidson County Sheriff's Office (DCSO) in Nashville, Tennessee. (Doc. No. 1.) Proceeding pro se, these inmates sue the City of Nashville, Davidson County Sheriff Daron Hall, Correct Care Solutions (CCS), Dr. Krystal Lewis, Dr. Arfica, and Jenny Jaynes for violations of their First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights, in addition to their rights under Tenn. Code Ann. § 29-20-201(b)(2). (*Id.* at 1–5.) They also name as defendants (in both their official and individual capacities) an additional 54 employees of DCSO and CCS. (*Id.* at 14.) However, aside from generally requesting relief for all deserving inmates in DCSO custody, the Complaint requests specific relief for, and is almost exclusively focused on, harms suffered by Plaintiff Harris. Those harms include alleged dental injuries, injuries to his ribs and back, and mental injuries related to "P.T.S.D. and Bipolar disorder." (*Id.* at 7.) Harris is the only plaintiff who submitted an application to proceed in forma pauperis (IFP) with the Complaint. (Doc. No. 2.)

On April 18, 2022, Harris filed a motion to amend the Complaint (Doc. No. 5) and a proposed amended complaint that lists himself as the first plaintiff, and "all pretrial prisoners injured by Nashville, TN Government" as the second plaintiff. (Doc. No. 5-1 at 1.) The proposed amended complaint utilizes a running list of names from the original Complaint (and earlier filings[1]) to name additional defendants (*id.* at 2–3), and it purports to institute a class action challenging (1) the alleged deliberate delay in providing urgently needed dental care; (2) the poisonous nature of the drink mix, syrup, and food served to inmates; and (3) the denial of adequate library time to access legal materials or other materials to "educate [inmates'] minds." (*Id.* at 6.) Two copies of the final page of the proposed amended complaint are provided. The first, signed by Harris and Lytle,[2] requests that Harris be awarded injunctive and monetary relief while the other members of the proposed class "have thier (sic) medical needs . . . and law needs" met. (*Id.* at 7.) The second, signed only by Harris and obviously repurposed from a 2019 lawsuit, seeks monetary relief for Harris and monetary and other relief for all deserving DCSO inmates from October 28, 2014 "into the future." (*Id.* at 8.)

Although "[a] party may amend its pleading once as a matter of course" within 21 days of service, Fed. R. Civ. P. 15(a)(1)(A), such amendment may not be accomplished by one pro se plaintiff on behalf of any other. Pro se prisoners may not represent other prisoners, whether they be individual co-plaintiffs, *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989), or members of a purported class of plaintiffs. *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001). In addition to being unsigned, the motion to amend incorporates a proposed amended complaint that seeks class

---

[1] *See Harris, et al. v. All Injured Pretrial Prisoners of Metro Nashville and Davidson Cnty., Tenn., et al.*, No. 3:19-cv-00735, Doc. No. 1 at 13 (M.D. Tenn. Aug. 19, 2019).

[2] It is obvious that Lytle's signature was applied to this page by Harris. The signature is printed in Harris's script but appears to have been subsequently overwritten with cursive-appearing capital "L"s in the name Lacory Lytle.

2

relief and concludes with one pro se prisoner signing for another. Accordingly, the motion to amend (Doc. No. 5) is **DENIED**. Likewise, the related motions "for certification of the class of plaintiffs" (Doc. No. 9)[3] and to recognize the amended, class complaint and appoint class counsel (Doc. No. 10) are also **DENIED**.

Finally, Plaintiff Harris's motions to order the defendants to provide the injunctive relief sought in the Complaint and proposed amendment (Doc. Nos. 8 and 11) are **DENIED** as premature.

## II. THE PLAINTIFFS AND THE FILING FEE

Next, the number of plaintiffs and the matter of the filing fee must be resolved.

Harris has filed two IFP applications. His first IFP application (Doc. No. 2) is clearly an old application that he modified for use in the current lawsuit. It is written in both ink and pencil, bears three different dates spanning more than two years, and was notarized in January 2020. (*See id.* at 1–2.) Because it does not reliably reflect his current financial condition, Harris's first IFP application (Doc. No. 2) is **DENIED**.

Harris's second IFP application, however, includes a DCSO official's March 2022 certification that Harris had a zero-dollar trust account balance. (Doc. No. 5 at 4–5.) This certification is consistent with a transaction history (from January 2021 to January 2022) attached to Harris's first application (Doc. No. 2 at 3) and demonstrates that he lacks sufficient financial resources to pay the full filing fee in advance. The court therefore **GRANTS** Harris permission to proceed IFP.

---

[3] Attached to this filing are a Memorandum of Law (Doc. No. 9 at 2–5) and a trio of one-page, unsigned motions related to Harris's desire to represent a class of inmates (*id.* at 6, 10–11). Because the attached motions are unsigned and thus improperly filed, and are duplicative of other, signed motions addressed in this order, the court considers them here as exhibits to the motion for class certification.

3

Plaintiff Lacory Lytle also appears to have filed an IFP application (Doc. No. 6), though only the affidavit of poverty is valid; the attached trust account certification is for the account belonging to Harris. (*Id.* at 2.) Without corroboration of Lytle's account balance and 6-month account history, as required by 28 U.S.C. § 1915(a)(2), his IFP application is deficient and therefore **DENIED**.

Plaintiff Bobby Mosley has not filed an IFP application or made any filing fee payment in support of the Complaint, though he has attempted to file a separate pleading under Federal Rule of Civil Procedure 8(a)(2) alleging defects in the prosecution of his pending criminal charges. (Doc. No. 12.) The court notes that Plaintiff Mosley is subject to the "three-strikes" rule, which prohibits the filing of any new civil lawsuit in federal court without prepayment of the full $402 filing fee unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); *Mosley v. Doe*, No. 3:20-cv-00950, Doc. No. 3 (M.D. Tenn. Nov. 9, 2020) (applying § 1915(g) to Mosley). His joinder as a co-plaintiff in this case is therefore improper. *See Jackson v. Swab*, No. 1:17-CV-965, 2018 WL 521457, at *2 (W.D. Mich. Jan. 23, 2018) (holding that "prisoners should not be allowed to proceed with multiple-plaintiff litigation in order to circumvent the filing fee requirements for federal civil actions or the [PLRA's] 'three strikes' provision").

In view of these deficiencies and, in any event, because the Complaint does not appear to contain allegations personal to Lytle or Mosley but focuses almost exclusively on Harris, the court in its discretion declines to allow this case to proceed as a multi-plaintiff case. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, . . . drop a [misjoined] party."); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780–81 (E.D. Mich. 2009) (observing that, while "multiple-plaintiff prisoner litigation" may be permissible under Fed. R. Civ. P. 20(a)(1), denial of such permission as a matter of discretion may be appropriate because "prisoners are 'not

4

in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult'") (quoting *Boretsky v. Corzine*, No. 08-2265 (GEB), 2008 WL 2512916, at *6 (D.N.J. 2008)).

Accordingly, Lytle and Mosley are **DISMISSED** as plaintiffs to this action, without prejudice to their ability to file separate cases related to the conditions alleged in the Complaint. The Clerk is **DIRECTED** to return Mosley's pleading (Doc. No. 12) to him.

As the sole remaining plaintiff to whom pauper status has been granted, Harris is responsible for paying a $350 filing fee pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), which the court hereby **ASSESSES**. The warden of the facility in which the plaintiff is currently housed, as custodian of the plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's credit at the jail; or (b) 20% of the average monthly balance to the plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this order to the warden of the facility where the plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this order follows the plaintiff to his new place of confinement, for continued compliance with the order. All payments made pursuant to this order

must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

### III. INSTRUCTIONS TO PLAINTIFF HARRIS

In view of the deficiencies in his filings to date, discussed above, Plaintiff Harris **MUST** file a proper amended complaint if he is to proceed with this lawsuit.

The amended complaint **MUST NOT** include photocopies of pages from previous filings or any class allegations/claims, and must not assert unrelated claims against unrelated parties. *See Proctor*, 661 F. Supp. 2d at 780 (discussing joinder of claims and parties under Rules 18 and 20 and finding that "plaintiffs, especially prisoners, do not have free reign to join multiple claims and defendants in any manner they choose," nor may they "incorporate into an existing action a different action against different parties and presenting entirely different factual and legal issues") (citation and internal quotation marks omitted). Under Rules 18 and 20 of the Federal Rules of Civil Procedure, Plaintiff Harris can assert any claims he has against a single defendant, or he can assert all the claims he has against multiple defendants that arise from the same incident or series of related incidents. If Plaintiff Harris wishes to pursue other claims or defendants outside that limited scope of his amended complaint, he is free to do so by filing separate lawsuits.

The Clerk of Court is **DIRECTED** to provide Plaintiff Harris with a blank Section 1983 complaint form for his use in drafting his amended complaint. The amended complaint must be typed or neatly written (in ink, if possible) and must include the matter number for this case, **3:22-cv-00221**. The amended complaint must be **RECEIVED** in this court within **30 DAYS** of the entry of this order. Plaintiff Harris is cautioned that, should he fail to comply with this order (or seek an extension of time within which to do so) within the time specified, or should he fail to keep the

6

Case 3:22-cv-00221    Document 13    Filed 05/24/22    Page 6 of 7 PageID #: 132

court apprised of his current address, this action may be dismissed for want of prosecution and failure to comply with a court order.

## IV. CONCLUSION

In sum, the court **GRANTS** Plaintiff Harris permission to proceed IFP and **ORDERS** him to use the form provided by the Clerk of Court to file an amended complaint that complies with this order within 30 days. All other pending motions and applications (Doc. Nos. 2, 5, 6, 8, 9, 10, and 11) are **DENIED**. Plaintiffs Lytle and Mosley are **DISMISSED** from this action, and the Clerk shall return Mosley's recent filing (Doc. No. 12) to him.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

7

Case 3:22-cv-00221   Document 13   Filed 05/24/22   Page 7 of 7 PageID #: 133