IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VAUGHN HARRIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 3:22-cv-00221 |
| CITY OF NASHVILLE, TENNESSEE, et al., | ) Judge Trauger ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

On May 24, 2022, the court granted pauper status to Plaintiff Vaughn Harris, a state inmate proceeding pro se, and ordered him to file an amended complaint that does not "include photocopies of pages from previous filings or any class allegations/claims, [or] assert unrelated claims against unrelated parties." (Doc. No. 13 at 6.) The court provided the plaintiff with a form to use in filing his amended complaint, ordered him to file the amended complaint within 30 days, and warned him that failure to do so could result in dismissal of the action for want of prosecution and failure to comply with a court order. (*Id.* at 6–7.)

Rather than file an amended complaint, the plaintiff filed a notice of appeal to the U.S. Court of Appeals for the Sixth Circuit on June 23, 2022. (Doc. No. 14.) Specifically, the plaintiff appealed this court's determination that he could not proceed with class claims. On August 10, 2022, the Sixth Circuit dismissed the appeal for lack of jurisdiction.[1] (Doc. Nos. 17, 18.)

---

[1] In light of this disposition, the plaintiff's application for leave to proceed as a pauper on appeal (Doc. No. 16)—filed in the Sixth Circuit and immediately forwarded to this court's docket on August 5, 2022—is moot.

Nearly four months after the court ordered the plaintiff to file an amended complaint and more than 30 days after his procedurally improper appeal was dismissed, nothing further has been filed. The plaintiff has failed to comply with the court's May 24, 2022 order, despite ample time in which to do so.

Dismissal of this action is therefore appropriate, in view of the plaintiff's fault in failing to comply with the court's order despite having been warned that such failure could lead to dismissal, *Choate v. Emerton*, No. 2:16-cv-00037, 2018 WL 3656505, at *2 (M.D. Tenn. Aug. 2, 2018), *report and recommendation adopted*, 2018 WL 4076955 (M.D. Tenn. Aug. 27, 2018), and pursuant to the court's "well settled . . . authority to dismiss sua sponte a lawsuit for failure to prosecute." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013). Due to the plaintiff's pro se status, as well as the preference for disposing of cases on their merits, the court finds dismissal without prejudice to be the appropriate disposition here. *See Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2011).

Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** for want of prosecution and for failure to comply with the court's order. Plaintiff's appellate IFP application (Doc. No. 16) is **DENIED** as moot.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

2

Case 3:22-cv-00221   Document 19   Filed 09/20/22   Page 2 of 2 PageID #: 200