# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **VAUGHN HARRIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:22-cv-00221** |
| | ) | **Judge Trauger** |
| **CITY OF NASHVILLE, TENNESSEE,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

On May 24, 2022, the court granted pauper status to Plaintiff Vaughn Harris, a state inmate proceeding pro se, and ordered him to file an amended complaint that does not "include photocopies of pages from previous filings or any class allegations/claims, [or] assert unrelated claims against unrelated parties." (Doc. No. 13 at 6.) The court provided the plaintiff with a form to use in filing his amended complaint, ordered him to file the amended complaint within 30 days, and warned him that failure to do so could result in dismissal of the action for want of prosecution and failure to comply with a court order. (*Id.* at 6–7.)

The plaintiff filed a notice of appeal to the U.S. Court of Appeals for the Sixth Circuit on June 23, 2022, in which he purported to appeal the May 24 order's "dismissal of [his] class action." (Doc. No. 14 at 1.) On August 10, 2022, the Sixth Circuit dismissed the appeal for lack of jurisdiction (Doc. Nos. 17, 18), finding that "[t]he denial of class certification is not immediately appealable . . .[,] [n]or did Harris petition for permission to appeal the denial of class certification within 14 days as provided by Federal Rule of Civil Procedure 23(f)." (Doc. No. 17 at 3–4.)

On September 20, 2022, more than 30 days after the plaintiff's appeal was dismissed, this court dismissed the instant case without prejudice for want of prosecution and for the plaintiff's failure to comply with the court's May 24 order to file a proper amended complaint. (Doc. No. 19.)

Twenty-four days later, on October 14, 2022, the plaintiff filed an "objection" to the dismissal of his case, or alternatively, a "notice of appeal if I'm denied reopen of my case." (Doc. No. 20.) Because the plaintiff filed his objection within 28 days of the court's September 20 order of dismissal, it may properly be construed as a Rule 59(e) motion to alter or amend that order. Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); *Keith v. Bobby*, 618 F.3d 594, 597 (6th Cir. 2010) (citation omitted) (interpreting Rule 59(e) to allow alteration of final orders as well as judgments); *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982) ("Rule 59(e) may be utilized in timely attempts to vacate judgment."). However, alteration or amendment of the court's dismissal order in this case is only warranted if the plaintiff identifies "a need to prevent manifest injustice." *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018) (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)).

The plaintiff objects to the dismissal of his case based on his assertion that he in fact complied with the court's May 24 order by filing amendments to his complaint—in addition to a notice of appeal—within 30 days of the court's order. (Doc. No. 20 at 1.) The plaintiff appears to be referring to a document appended to his June 23 Notice of Appeal, which is captioned "Motion for leave of court to amend my pleadings to a (pro se and) class action lawsuit action . . . in conjunction with case 3:15-cv-00356 . . . and memorandum in support of motion to amend." (Doc. No. 14 at 3.) However, this document fails to comply with the requirements of the court's May 24

2

order (*see* Doc. No. 13 at 6), as it includes both "photocopies of pages from previous filings" (*compare*, *e.g.*, Doc. No. 14 at 3 *with* Doc. No. 1 at 19) and class allegations/claims. Even more basically, the document is *not* an amended complaint. Having failed to comply with the clear instructions in the court's May 24 order, the plaintiff cannot demonstrate that a need to prevent manifest injustice requires the reopening of this case. *See Erby v. Kula*, 113 F. App'x 74, 76 (6th Cir. 2004) (affirming dismissal for want of prosecution where pro se inmate failed to comply with deficiency order that "clearly stated the documentation that must be submitted").

Accordingly, the plaintiff's objection (Doc. No. 20), construed as a motion seeking reconsideration under Rule 59(e), is **DENIED**.

On the same date that this order is entered, the Clerk **SHALL** re-docket the plaintiff's "Proposed Notice of Appeal" (Doc. No. 20-1) as a Notice of Appeal. *See* Fed. R. App. P. 4(a)(4)(B)(i). In addition, the Clerk shall forward a copy of this order to the Clerk of the U.S. Court of Appeals for the Sixth Circuit.

It is so **ORDERED**.

 

 

Aleta A. Trauger
United States District Judge