IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VAUGHN HARRIS, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 3:22-cv-00221 |
| | ) Judge Trauger |
| CITY OF NASHVILLE, TENNESSEE, et al., | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

On December 22, 2022, pro se plaintiff Vaughn Harris filed an "Objection to Dismissal Without Prejudice" and "Motion to Refile Lawsuit Under Fed. R. Civ. P. 59(e)." (Doc. No. 24.) On January 3, 2023, he filed another "Objection to Dismissal" under Rule 59(e) which includes a "Motion for Order from the Court for Law Tablet." (Doc. No. 25.) These Objections and Motions were filed in this court, even though the case is currently pending on appeal after its dismissal for failure to prosecute and a previous denial of Rule 59(e) relief. The history of this case is detailed in the discussion below.

On May 24, 2022, the court initially reviewed the plaintiff's Complaint, identified several deficiencies, and ordered him to file an amended complaint within 30 days. (Doc. No. 13.) Instead of filing an amended complaint, the plaintiff appealed the May 24 order to the U.S. Court of Appeals for the Sixth Circuit (Doc. No. 14), which dismissed the appeal for lack of jurisdiction on August 10, 2022, based on its determination that the May 24 order was not appealable. (Doc. Nos. 17, 18); *see also Brent v. Wayne Cnty. Dep't of Hum. Servs.*, 901 F.3d 656, 692 (6th Cir. 2018) (internal citations and quotation marks omitted) (noting that "the district court retains jurisdiction

over an action . . . [involving] an appeal from a non-appealable non-final order"). The plaintiff did not file anything further with this court after his appeal was dismissed. Accordingly, on September 20, 2022, this court dismissed the plaintiff's case without prejudice for want of prosecution and failure to comply with the court's order to file an amended complaint. (Doc. No. 19.)

On October 14, 2022, the plaintiff filed an "objection" to the dismissal of his case, or alternatively, a "notice of appeal if I'm denied reopen[ing] of my case." (Doc. No. 20.) He alleged that he had complied with the court's order to file an amended complaint, and that if the court did not receive his mailings, it was because the jail mailroom "destroyed" them. (*Id.* at 1.) The court construed the plaintiff's objection as a motion for reconsideration under Rule 59(e) and denied relief. (Doc. No. 21.) In doing so, the court found that the documents attached to the plaintiff's June 23, 2022 Notice of Appeal (Doc. No. 14 at 3–45) were not proper responses to the court's order to amend, inasmuch as those documents continued his unfortunate habit of overwriting photocopies of pages from previous filings, included class allegations and claims, and, in any event, simply did not constitute an amended complaint. (Doc. No. 21 at 2–3.) The court then directed the Clerk to re-docket the plaintiff's alternatively proposed notice of appeal (submitted as an exhibit to the Rule 59(e) motion (Doc. No. 20-1)) as a formal Notice of Appeal. (*Id.* at 3 (citing Fed. R. App. P. 4(a)(4)(B)(i)).) The Sixth Circuit docketed the appeal, which currently awaits resolution of the matter of the appellate filing fee. (*See* Doc. No. 23; *Harris v. City of Nashville, TN, et al.*, No. 22-6031, Doc. No. 1 (6th Cir. Nov. 28, 2022).)

As to the plaintiff's most recent filings, the first pending Objection and Motion (Doc. No. 24) is a nearly identical copy of the plaintiff's October 14, 2022 request for reconsideration, repackaged as an objection to the court's November 22, 2022 denial of that request and a one-line request "to refile lawsuit." (*Id.* at 1.) The second pending Objection and Motion (Doc. No. 25)

utilizes the same initial page as the plaintiff's filings at Docket Entries 20 and 24, but otherwise focuses on the plaintiff's claim of discriminatory denial of access to a law-library tablet, rather than repeating his previous attempts to present a variety of claims.

Regardless of their differences, neither of these two filings can be entertained while the plaintiff's appeal remains pending in the Sixth Circuit. "It is well settled that the filing of the notice of appeal with the district court clerk deprives the district court of jurisdiction to act in matters involving the merits of the appeal." *United States v. Holloway*, 740 F.2d 1373, 1382 (6th Cir. 1984). Because "it is 'generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously,'" the filing of the appeal "divests the district court of its control over those aspects of the case involved in the appeal," except for remedial matters not addressed to the appeal's merits. *Id.* (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)).

Reversal of the order dismissing this case (which, under the original complaint, included a claim seeking "7 day access to law tablets" (Doc. No. 1 at 6)) for failure to file a proper amended complaint is the relief the plaintiff seeks before the Sixth Circuit. (*See* Doc. No. 22.) While that appeal is pending, this court lacks jurisdiction to review his Objection and Motion asking the court to again reconsider the dismissal under Rule 59(e) or "to refile" the action without a proper amended complaint (Doc. No. 24 at 1), or his Objection and Motion seeking reconsideration and an order that he be given unrestricted access to a "law tablet." (Doc. No. 25 at 1, 3–5.) Accordingly, the plaintiff's Objections and Motions seeking such relief (Doc. Nos. 24 and 25) are **DENIED** as moot.

Alternatively, even if the Objections and Motions are properly construed as seeking relief under Rule 60(b) of the Federal Rules of Civil Procedure and are therefore within the court's

3

jurisdiction to consider during the appeal's pendency, *see Huffman v. Speedway LLC*, 621 F. App'x 792, 795 n.2 (6th Cir. 2015), the plaintiff has failed to demonstrate any of the pertinent grounds for relief recognized in that rule: mistake, inadvertence, surprise, or excusable neglect; fraud, misrepresentation, or misconduct by an opposing party; or any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b)(1)–(6); *Booth v. Garden*, No. 2:14-CV-197-RJS, 2018 WL 522329, at *1 (D. Utah Jan. 22, 2018) (citations omitted) (stating that a litigant whose claim has been dismissed for failure to prosecute can win relief from the judgment under Rule 60(b) if he can "show the [statutory] grounds warranting relief" and "how [they] prevented him from responding to the Court"). Though he alleges, on the photocopied first page of both filings, that his jailers destroyed the amended complaints he submitted for mailing, the court previously found this allegation to be an insufficient ground for post-judgment relief (*see* Doc. No. 21 at 2–3), and it is also belied by the plaintiff's success in filing a timely Notice of Appeal from the court's May 24, 2022 order in lieu of the required amended complaint. Thus, any motion for post-judgment relief under Rule 60(b) must also be **DENIED**.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

4

Case 3:22-cv-00221    Document 26    Filed 01/17/23    Page 4 of 4 PageID #: 266